JOHN M. GILMAN

*vs.*

THOMAS HOLYOKE et al.

The District Court has no authority to order a re-sale in cases contemplated by Sec. 29, Tit. 2, Ch. 81, Gen. Stat., until the coming in of the report of sale; and the objection to the exercise of such power, may be urged in the appellate court in the first instance.

This is an appeal from an order of the District Court for Ramsey county, setting aside a sale made by the Sheriff of that county, under a decree entered in the action, upon the foreclosure of a mortgage and ordering a re-sale. The defendant Holyoke, appellant, was the holder of a lien subsequent to the mortgage foreclosed, and had appeared in the action. He made the motion to set aside the sale, immediately after it had taken place, and before the Sheriff had filed his report.

BRISBIN & PALMER for Appellant.

H. J. HORN for Respondent.

*By the Court*—McMILLAN, J. This is an appeal from an order vacating and setting aside a sale under a decree of foreclosure, &c., and ordering a re-sale. The first ground urged by the appellant for the reversal of the order is, that the District Court is not authorized to entertain or grant a motion to set aside a sale of real estate, made upon judg-

Gilman v. Holyoke et al.

ment in foreclosure, until the coming in of the official report of such sale.

The method of proceeding in the foreclosure of mort-gages by action is regulated by statute, *Ch.* 81, *Tit.* 2. Among others is the following provision : " Upon the coming in of the report of sale, the court shall grant an order, confirming the same, or if it appears upon due examination that justice has not been done, may order a re-sale on such terms as are just." *Gen. Stat. Ch.* 81, *Tit.* 2, *Sec.* 29, *p.* 566. We think, in view of this section, the District Court has no authority to order a re-sale, in cases contemplated by the statute, until the coming in of the report of sale. All the proceedings in the sale are official acts, performed by the sheriff under and by virtue of the judgment of the court, of which he is to make report under the responsibility and solemnity of his official duties, and oath, which constitutes a part of the record. This is the official information to the court of the proceedings, and the evidence of the action under the decree. It is due to the court, and it is the right of the parties, to have the return of the officer upon the record, before the regularity of the sale is considered.

As the objection goes to the authority or jurisdiction of the court to make the order appealed from, we think the appellant can urge it here, whether it was presented to the District Court on the argument or not. The order appealed from must be reversed.